# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAN A. PETERSEN,

      **Plaintiff,**

v.                                               Civil Action No. 3:08cv180
                                                (Judge Bailey)

ANDURAY E. WHITE, VERONICA
FERNANDEZ, RODNEY BUCKLEW,
D. YOST, SUSAN S. MCCLINTOCK,
DOMINIC A. GUTIERREZ, L. LEESON,
B. CALLAHAN, ANYA KOVSCEK,
ROBERT TRYBUS, WILLIAM LAYHUE,
ERIC ELZA, ELIZABETH SANDERS,
N. JUNKINS, E. MALLORY, LT. WILLIAMS,
CORRECTION OFFICER THOMPSON, J. RAMOS
AND CORRECTION OFFICER HENDERSON,

      **Defendants.**

## REPORT AND RECOMMENDATION

### I.  Procedural History

On April 23, 2009, the *pro se* plaintiff filed a civil rights action. (Dckt. 1) On January 20, 2009, the plaintiff amended his complaint to add additional defendants. (Dckt. 10) On February 27, 2009, the plaintiff was granted permission to proceed as a pauper and paid an initial partial filing fee shortly thereafter. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 83.01, et seq.

### II.  Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by

prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. The Complaint

The plaintiff, a federal inmate formerly incarcerated at the Federal Correctional Institution in Morgantown, West Virginia, ("FCI-Morgantown") initiated this case against the defendants for alleged violations of his constitutional rights. Specifically, the plaintiff asserts that the defendants unlawfully censored his incoming and outgoing legal mail correspondence after he signed a Bureau of Prison ("BOP") form 407 which mandates that no staff shall receive, open, read or deliver any general correspondence to the plaintiff. Instead, general correspondence was to be returned, unopened, to the United States Postal Service. Moreover, the plaintiff complains of retaliation and harassment as a result of his reporting these violations through the Bureau's administrative remedy process and by filing a civil complaint in federal court. As a result of these alleged constitutional

---

[1] Id. at 327.

violations, the plaintiff seeks damages in the amount of 26 million dollars.

## IV. Analysis

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

### A. Defendants McClintock, Gutierrez and Elza

In the complaint, the plaintiff asserts that at the time of the alleged violations, defendants McClintock, Gutierrez and Elza were the Acting Associate Warden, Acting Warden and Captain of Security, respectively. Moreover, the plaintiff asserts that he informed McClintock, Gutierrez and Elza of the alleged violations both verbally and through his numerous requests for administrative remedy. However, according to the plaintiff, neither McClintock nor Gutierrez did anything to "correct the repeated . . . misconduct" of the other defendants and Elza "failed to reprimand staff or [hold] an investigation."

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by

3

each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

In this case, the plaintiff does not allege any personal involvement on the part of Susan McClintock, Dominic Gutierrez or Eric Elza in the mishandling of his mail. Instead, the plaintiff merely complains that McClintock, Gutierrez and Elza, in their official capacities, did not properly investigate his claims, and therefore, failed to stop staff from violating his constitutional rights. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Because a Bivens suit is against federal officials in their individual capacities, there is no remedy under Bivens for official capacity claims. Accordingly, Associate Warden McClintock, Warden Gutierrez and Captain Elza must be dismissed as defendants in this action.[2]

Nonetheless, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the

---

[2] A claim that a defendant violated an inmates rights by failing to adequately respond to his administrative complaints is without merit. That is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Id.* However, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. *Id.* Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. *Id.*

As noted above, the plaintiff does not allege any personal involvement on the part of Associate Warden McClintock, Warden Gutierrez or Captain Elza in the alleged mishandling of his mail. Moreover, the plaintiff has not provided any evidence that Associate Warden McClintock, Warden Gutierrez or Captain Elza tacitly authorized or were indifferent to an alleged violation of his constitutional rights. Accordingly, the plaintiff cannot maintain a Bivens claim against Associate Warden McClintock, Warden Gutierrez or Captain Elza, and those defendants must be dismissed from this action.[3]

**B.  Defendants Trybus, Junkins and Mallory**

In the complaint and amended complaint, the plaintiff asserts that defendants Trybus, Junkins and Mallory, with orders from Captain Elza, removed all of his legal property from his locker, loaded it on a John Deere Gator and transported it to the administrative building. The plaintiff

---

[3] To the extent the plaintiff is asserting that defendants Phillips or Esparza were deliberately indifferent to his serious medical needs by denying his administrative requests, that claim is without merit. This is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

5

asserts that the actions of these defendants caused him to lose his legal papers.

The undersigned takes judicial notice of case number 5:07cv53 in which the plaintiff alleges claims of denial of access to the courts and retaliation. In that case, the plaintiff names N. Junkins, R. Trybus and Mallory as defendants. Specifically, the plaintiff alleges that those defendants removed all of his legal property on a John Deere Gator and took it to the administrative building, at the behest of Captain Elza. That case is currently before the Honorable Frederick P. Stamp, Jr., United States District Judge, on a Report and Recommendation of the Honorable James E. Seibert, United States Magistrate Judge.

Because defendant Trybus, Junkins and Mallory's removal of the plaintiff's legal property is currently under advisement by this Court in another case, the undersigned recommends that the plaintiff's claims against defendants Trybus, Junkins and Mallory be dismissed from this case. Those claims will be considered in case number 5:07cv53.

**C.  Defendant Ramos**

In his amended complaint, the plaintiff adds defendant Ramos to this case simply by virtue of his employment as a unit manager at FCI-Morgantown. Specifically, the plaintiff asserts that defendant Ramos acted as a mediator between himself and staff. However, the plaintiff asserts no violations against defendant Ramos. Instead, the plaintiff asserts that because he acted as a mediator, Ramos should be added as a defendant simply because his testimony can "shine light" on the facts of this case.

Clearly, Ramos is not a proper defendant in this case. The plaintiff concedes that Ramos committed no alleged violation of his constitutional rights. In fact, the plaintiff points out that Ramos tried to help him mediate the underlying mail problem. At best, Ramos is a witness in

support of the plaintiff's claims. Accordingly, Ramos should be dismissed as a defendant in this action.

**D.    Correction Officer Henderson**

In the amended complaint, the plaintiff asserts that Correction Officer Henderson delivered the plaintiff's already opened mail to him. Like defendant Ramos, the plaintiff acknowledges that Henderson had no part in the alleged violations of his constitutional rights. Instead, the plaintiff merely names Henderson because he is a potential witness in support of the plaintiff's claims. Accordingly, Henderson should be dismissed as a defendant in this action.

**E.    Defendant William Layhue**

In the complaint, the plaintiff asserts that defendant Layhue is a unit counselor at FCI-Morgantown. As part of his duties, defendant Layhue is responsible for receiving all outgoing legal mail for all of the inmates for which he is responsible. As such, the plaintiff asserts that he placed all of his outgoing legal mail in defendant Layhue's hands. The plaintiff further asserts that such mail was opened outside his presence in violation of BOP rules and regulations. Moreover, the plaintiff asserts that exhibits were removed from those mailings and that those mailings were held. The plaintiff does not, however, assert or even imply that defendant Layhue was directly responsible for any of the alleged violations of BOP policy. Instead, the plaintiff merely acknowledges that Layhue received his outgoing legal mail in the course of performing his official duties. Thus, the plaintiff has not established any personal involvement on the part of defendant Layhue and he must be dismissed as a defendant in this action.

**F.    Defendants White, Fernandez, Bucklew, Yost, Leeson, Callahan, Kovscek**

In the complaint, the plaintiff asserts that defendants White, Fernandez, Bucklew, Yost

Leeson and Callahan are all mailroom supervisors or workers who were directly responsible for the alleged violations of his constitutional rights. Specifically, the plaintiff asserts that each of these defendants improperly handled his mail. In addition, the plaintiff asserts that defendant Kovscek is a staff investigator who also directly tampered with his legal and certified mail in violation of BOP policy.

Accordingly, the undersigned believes that defendants White, Fernandez, Bucklew, Yost, Leeson, Callahan and Kovscek should be made to answer the complaint.

**G. Defendants Sanders, Williams and Thompson**

In the amended complaint, the plaintiff asserts that defendants Sanders, Williams and Thompson all retaliated and harassed him for filing administrative and civil complaints against the other defendants. Accordingly, the undersigned believes that defendants Sanders, Williams and Thompson should be made to answer the complaint.

**V. Recommendation**

For the set forth herein, the undersigned recommends that:

(1) the plaintiff's claims against defendants McClintock, Gutierrez, Elza, Layhue, Ramos and Henderson be **DISMISSED with prejudice** for the failure to state a claim against which relief may be granted;

(2) the plaintiff's claims against defendants Trybus, Junkins and Mallory be **DISMISSED without prejudice** to the plaintiff's right to a determination of those claims in case number 5:07cv53; and

(3) the plaintiff's claims against defendants White, Fernandez, Bucklew, Yost, Leeson Callahan, Kovscek, Sanders, Williams and Thompson **PROCEED** and that those defendants be

made to **ANSWER** the complaint.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 23, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE